FILED & JUDGMENT ENTERED
Steven T. Salata

Nov 20 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. 09-33421 |
| NEWBOLD CORPORATION, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOHN W. TAYLOR, Trustee for | ) | |
| the Bankruptcy Estate of | ) | Adversary Proceeding No. 12-3208 |
| Newbold Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | )) ) | |
| | ) | |
| NEWBOLD SERVICES, LLC, | ) | |
| ERWIN CARTER, ROGER | ) | |
| BIRDSONG, IH SERVICES, INC., | ) | |
| and MICHAEL G. PUTNAM, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO DISMISS CAUSES OF ACTION**

THIS MATTER is before the Court on the Motion by Defendants Newbold Services, LLC ("Services"), Edwin Carter ("Carter"), Roger Birdsong ("Birdsong"), IH Services, Inc. ("IH

Services"), and Michael G. Putnam ("Putnam") to dismiss the Fourth, Fifth, Sixth, Seventh, and Ninth Causes of Action in the Amended Complaint filed by Plaintiff John W. Taylor ("Plaintiff"), Chapter 7 Trustee for Debtor Newbold Corporation (the "Debtor"). A hearing was held on October 18, 2012, whereat Jonathan P. Heyl appeared on behalf of Services, Edward B. Davis appeared on behalf of Carter, Fred Bruton Monroe appeared on behalf of Birdsong, Jami J. Farris appeared on behalf of IH Services and Putnam, and Jessica V. Shaddock and John W. Taylor appeared on behalf of Plaintiff. Additionally, the parties have filed briefs supporting their positions.

For the reasons set forth below, the Court concludes as follows:

- Fourth Cause of Action (Civil Conspiracy) – Plaintiff has sufficiently pled the Civil Conspiracy claim, so Defendants' Motions to Dismiss are **DENIED** as to this claim.

- Fifth Cause of Action as to all Defendants except IH Services (Obstruction of Justice) – Plaintiff has sufficiently pled the Obstruction of Justice claim, so Defendants' Motions to Dismiss are **DENIED** as to this claim.

- Sixth Cause of Action (Aiding and Abetting Breach of Fiduciary Duty and Fraud) – Defendants' Motions to Dismiss as to the Aiding and Abetting Breach of Fiduciary Duty are **GRANTED**. Defendant IH Services' Motion to Dismiss is **GRANTED**, but the Motions to Dismiss by Services, Carter, Birdsong and Putnam are **DENIED** as to the Fraud claim.

- Seventh Cause of Action (Unfair and Deceptive Trade Practices) – Defendants' Motions to Dismiss are **GRANTED**.

- Ninth Cause of Action (Conversion) – Plaintiff has sufficiently pled the conversion claim, so Defendants' Motions to Dismiss are **DENIED** as to this claim.

- Plaintiff's Motion for Leave to Amend is **GRANTED** as to the Fraud claim only.

## I. PROCEDURAL HISTORY

On December 10, 2009, Debtor filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in this District. On June 25, 2010, the case was converted to Chapter 7. The Plaintiff is the duly appointed and acting Chapter 7 Bankruptcy Trustee. On December 9, 2011, the Plaintiff filed an action in the United States District Court for the Western District of North Carolina; Case Number 11-CVS-00629, against Services, Carter, Birdsong, Lorin E. Manley, as Administrator for the Estate of William G. Manley, a/k/a Willy G. Manley, IH Services, and Putnam. The Plaintiff filed an Amended Complaint thereafter on April 12, 2012. On July 23, 2012, the Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice as to Defendant Lorin E. Manley, as Administrator for the Estate of Willie Troy Franklin Manley, a/k/a Willie G. Manley, a/k/a William G. Manley, Only. By consent of the parties, on August 29, 2012, Case Number 11-CVS-00629 was referred to the United States Bankruptcy Court for the Western District of North Carolina. It was designated as Adversary Proceeding No. 12-3208.

On September 10, 2012, the Defendant Services filed its Motion to Dismiss Plaintiff's Fourth, Fifth, Sixth, Seventh, and Ninth Causes of Action Against Services. Also on September 10, 2012, the Defendants IH Services and Putnam filed their Motion to Dismiss Plaintiff's Fourth, Fifth, Sixth, Seventh, and Ninth Causes of Action with Prejudice. On September 28, 2012, Defendant Carter filed his Motion to Dismiss. On October 3, 2012, Defendant Birdsong filed his Motion to Dismiss (collectively the four motions to dismiss described above will be referred to herein as "Motions to Dismiss"). On September 25, 2012, the Plaintiff filed his Motion for Leave to Amend, requesting that he be given leave to amend the Amended Complaint should the Court find deficiencies therein.

## II. STATEMENT OF POSITIONS

Plaintiff asserts that Debtor became a 60% owner of Services in June 2006 based on an operating agreement for Services that so indicated that Debtor was a 60% owner, and Debtor acted in conformance with that operating agreement thereafter and up to the petition date, despite the fact that a subsequent operating agreement was executed on December 21, 2006 ("the December 2006 Operating Agreement"). Defendants Services, Carter, and Birdsong contend that the December 2006 Operating Agreement clearly shows that Debtor is not a member of Services and has not been a member since December of 2006. Plaintiff alleges there are several e-mails from both before December 2006 and after December 2006 in which Manley, Carter and Birdsong represented that Debtor was the 60% owner of Services. Plaintiff alleges that on the date of the bankruptcy filing, Services' website stated that Debtor was its 60% owner. To the extent that Debtor was not a 60% owner at the petition date, Plaintiff's Amended Complaint alleges that the Defendants attempted to fraudulently acquire Debtor's 60% interest in Services for no consideration.

Defendants contend that Manley, Carter and Birdsong were the 60% owners of Services as of the Debtor's petition date. The December 2006 Operating Agreement shows the members of Services to be IH Services (20%), Pinnacle Staffing (20%), Manley (30%), Carter (25%), and Birdsong (5%). Debtor had made a capital contribution to Services before December 2006 in the amount of $6,000, and upon the execution of the December 2006 Operating Agreement, Debtor's $6,000 capital contribution was repaid in full by Services and replaced by $6,000 in funds contributed by Manley, Carter and Birdsong. Defendants Services, Carter, and Birdsong claim that the five contested causes of action fail to show any benefit conferred on them by Debtor.

Defendants IH Services and Putnam contend that they should be dismissed from the Adversary Proceeding because they are not active parties implicated by the allegations on which the Amended Complaint is based, but rather were only parties to the original operating agreement

from June of 2006, and they guaranteed the original loan. Defendants IH Services and Putnam likewise claim that the five contested causes of action fail to show any benefit conferred on them by Debtor.

All of the Defendants contend that the following causes of action should be dismissed from the Amended Complaint, on the bases set forth below:

- Fourth Cause of Action (Civil Conspiracy) – this cause of action cannot exist as an independent cause of action, and Plaintiff has pled no valid underlying claim.

- Fifth Cause of Action as to all Defendants except IH Services (Obstruction of Justice) – the alleged conduct on which it is based (alleged false testimony at Rule 2004 examinations) does not support a civil action for damages.

- Sixth Cause of Action (Aiding and Abetting Breach of Fiduciary Duty and Fraud) – there is no such cause of action under North Carolina law for Aiding and Abetting Breach of Fiduciary Duty. Plaintiff has not pled the required elements for a fraud claim, and the constructive fraud claim fails because Plaintiff has not pled the required confidential relationship and benefit to Defendants.

- Seventh Cause of Action (Unfair and Deceptive Trade Practices) – none of the alleged wrongful conduct is in or affecting commerce.

- Ninth Cause of Action (Conversion) – Plaintiff fails to allege wrongful conduct on the part of Defendants, and Plaintiff attempts to assert a claim for conversion of an intangible asset (ownership rights) that cannot be converted.

Plaintiff argues that these causes of action in the Amended Complaint have been sufficiently pled, on the bases set forth below:

- Fourth Cause of Action (Civil Conspiracy) – Plaintiff has pled that Defendants were trying to cover up the original corporate structure of Services, and the false testimony

given by them at the Rule 2004 examinations was done with an attempt to conceal Defendants' actions from the Plaintiff.

- Fifth Cause of Action as to all Defendants except IH Services (Obstruction of Justice) – Plaintiff has alleged that Defendants have withheld documents from Plaintiff and falsely testified at Rule 2004 examinations, which have impeded his prosecution of claims.

- Sixth Cause of Action (Aiding and Abetting Breach of Fiduciary Duty and Fraud) – Plaintiff contends that the North Carolina Court of Appeals has recognized a cause of action for Aiding and Abetting Breach of Fiduciary Duty. As to the fraud claim, Plaintiff has pled that the individuals had a fiduciary duty and were required to refrain from self-dealing. Plaintiff claims that actual fraud was committed in the execution of the December 2006 Operating Agreement, and constructive fraud was committed because the individuals took advantage of their relationship with Debtor by attempting to benefit themselves with the acquisition of the 60% ownership interest.

- Seventh Cause of Action (Unfair and Deceptive Trade Practices) – Plaintiff has pled that even after the individuals executed the December 2006 Operating Agreement, they still represented to consumers that Debtor owned 60% of Services, which enticed customers with such a representation which affected commerce.

- Ninth Cause of Action (Conversion) – Plaintiff alleges that if a transfer did occur, the individuals took benefits that belonged to Debtor.

### III. DISCUSSION

**I. Fourth Cause of Action (Civil Conspiracy)**

The elements of a cause of action for civil conspiracy are: '"(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to the

plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme."' *Mace v. Pyatt*, 203 N.C. App. 245, 251 (2010) (quoting *Strickland v. Hedrick*, 194 N.C. App. 1, 1 (2008)). There is no independent cause of action for civil conspiracy and there must be "an underlying claim for unlawful conduct" for the plaintiff to be able to state a claim for civil conspiracy. *Sellers v. Morton*, 191 N.C. App. 75, 83 (2008) (quoting *Toomer v. Garrett*, 155 N.C. App. 462, 483 (2002)). Furthermore, civil liability for conspiracy may be established by circumstantial evidence but the evidence "must be sufficient to create more than a suspicion or conjecture in order to justify submission to the jury." *Id.*

Plaintiff has sufficiently pled facts that would enable him to reach a jury on the issue of whether the individual Defendants made representations about Debtor's ownership interests in Services, both before and after the execution of the December 2006 Operating Agreement. Plaintiff has sufficiently pled facts on the issue of whether there was an agreement between the individual Defendants to offer testimony at the Rule 2004 examinations which the Plaintiff claims was false, in support of a common scheme. Therefore, the Court finds that Plaintiff has sufficiently pled facts that if proven to be true could support a finding for the claim of Civil Conspiracy, and thus the Defendants' Motions to Dismiss the Civil Conspiracy claim are **DENIED**.

**II. Fifth Cause of Action as to all Defendants except IH Services (Obstruction of Justice)**

The elements for a common law claim of obstruction of justice are "any action intentionally undertaken by the defendant for the purposes of obstructing, impeding, or hindering the plaintiff's ability to seek and obtain a legal remedy." *Blackburn v. Carbone*, -- N.C. App. --, 703 S.E.2d 788, 795 (2010).

As stated above, Plaintiff has sufficiently pled facts on the issue of whether the individual Defendants offered testimony at the Rule 2004 examinations which the Plaintiff claims was false. Plaintiff has also pled that the individual Defendants withheld documents from the Plaintiff, which impeded his prosecution of the case. Since Plaintiff has sufficiently pled facts that if proven to be true could support a finding of a claim for

Obstruction of Justice, then Defendants' Motions to Dismiss the Obstruction of Justice claim are **DENIED**.

**III. Sixth Cause of Action (Aiding and Abetting Breach of Fiduciary Duty and Fraud)**

    a. **Aiding and Abetting Breach of Fiduciary Duty**

The Aiding and Abetting Breach of Fiduciary Duty claim must be dismissed as to all Defendants, because there is no such cause of action recognized by the North Carolina Supreme Court. *See Land v. Land*, -- N.C. App. --, 729 S.E. 2d 731 (N.C. App. 2012) (unpublished). When determining whether a cause of action exists under state law, the state's supreme court decisions control. "A federal court must interpret state law in accordance with the highest state court." *In re Bostic Const., Inc.*, 435 B.R. 46, 60 (Bankr. M.D.N.C. 2010). In a situation where the North Carolina Supreme Court has spoken neither directly nor indirectly on an issue of law, the Court of Appeals is called upon to predict how that court would rule if presented with the issue. *See Ellis v. Grant Thornton LLP*, 530 F.3d 280, 287 (4th Cir. 2008). There is no process for certifying an issue to the North Carolina Supreme Court and obtaining an opinion. If there has been no decision by the North Carolina Supreme Court, then the federal court must predict how the North Carolina Supreme Court would rule on an issue of state law. *See In re Bostic Const., Inc.*, 435 B.R. at 61. "Decisions by the state's intermediate appellate court are the next best indicia of what state law is, although such decisions may be disregarded if the federal court is convinced by other persuasive data that the state's highest court would decide otherwise." *Id.*

Plaintiff cites *Greensboro Rubber Stamp v. Southeast Stamp,* a 2011 North Carolina Court of Appeals case, as indicating that this cause of action exists in North Carolina. However, the most recent North Carolina Court of Appeals case – *Land v. Land*, referenced above, notes that the state supreme court has not addressed this question, and it (the North Carolina Court of Appeals) does not know if this cause of action exists. While it is an open question in the state courts, our District Court

considered the question of what the state supreme court would say in *Laws*. The U.S. District Court in the Western District of North Carolina has explicitly held that no cause of action exists for aiding and abetting breach of fiduciary duty. *See Laws v. Priority Transportation Services of N.C.*, LLC, 610 F. Supp. 2d 528, 532 (W.D.N.C. 2009). We have no reason to depart from that otherwise binding (on us) ruling. The Defendants' Motions to Dismiss the Aiding and Abetting Breach of Fiduciary Duty claim are **GRANTED**.

    **b. Fraud**

To prove a claim for fraud, a plaintiff must show the following essential elements: a "(1) [f]alse representation or concealment of a past or existing material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Whisnant v. Carolina Farm Credit*, 204 N.C. App. 84, 94, 693 S.E.2d 149, 156-57 (2010) *review denied*, 705 S.E.2d 745 (N.C. 2011).

For a statement to be actionable, the defendant must have known that the representation was false when making it, or done so with reckless disregard for its truth as a positive assertion. *See Ausley v. Bishop*, 133 N.C. App. 210, 217, 515 S.E.2d 72, 78 (1999). The representation must also be material, in that it would have influenced the recipient's decision to act. *See Latta v. Rainey*, 202 N.C. App. 587, 599, 689 S.E.2d 898, 909 (2010). While a misrepresentation generally must be specific, the level of required specificity "depends upon the tendency of the statements to deceive under the circumstances." *Ragsdale v. Kennedy*, 286 N.C. 130, 139, 209 S.E.2d 494, 500 (1974). Finally, the scienter requirement can be shown by circumstantial evidence or by showing a motive of the individual making the statements. *See Latta*, 202 N.C. App. at 600, 689 S.E.2d at 909.

In order to make out a claim for constructive fraud, Plaintiffs must show (1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to

benefit himself, and (3) that plaintiffs were, as a result, injured. *See Sterner v. Penn*, 159 N.C.App. 626, 631, 583 S.E.2d 670, 674 (2003). In order to make out their claim, Plaintiff does not need to show that the Defendants intended to deceive him – only that they intended to benefit themselves. *See White v. Consol. Planning. Inc.*, 166 N.C. App. 283, 294, 603 S.E.2d 147, 156 (2004).

Plaintiff has not pled facts which could support a finding of fraud as to IH Services, since it was only a guarantor on the original loan, and not a party to the December 2006 Operating Agreement. Plaintiff has pled facts which if proven as true could support a finding that Putnam, Manley, Carter and Birdsong undertook actions to deprive Debtor of a business opportunity, for their own benefit. However, there is a looming question as to whether a fraud can occur as to the Debtor when each of the shareholders is aware of the action. Because none of the parties has yet provided a satisfactory answer to that legal question, we will reserve it for later. Therefore, Defendant IH Services' Motion to Dismiss is **GRANTED**, but the Motions to Dismiss by Services, Carter, Birdsong and Putnam are **DENIED** as to the Fraud claim. Furthermore, the Plaintiff's Motion for Leave to Amend shall be granted with respect to the Fraud claim.

**IV. Seventh Cause of Action (Unfair and Deceptive Trade Practices)**

"To set out a claim for unfair and deceptive trade practices, a plaintiff must allege that (1) defendant has committed unfair or deceptive acts or practices; (2) defendant's conduct was in commerce or affected commerce; and (3) defendant's conduct caused injury to plaintiff." *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 417, 537 S.E.2d 248, 266 (2000). "Whether an act is an unfair or deceptive practice is a question of law for the court." *Songwooyarn Trading Co., Ltd. v. Sox Eleven, Inc.*, 714 S.E.2d 162, 167 (N.C. Ct. App. 2011).

The relevant question is whether Plaintiff has sufficiently pled that Defendants' action were "in or affecting commerce". The North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75–1.1 ("Act"), was intended to regulate a business's regular interactions with other

market participants. *See HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 594, 403 S.E.2d 483, 493 (1991). The Act defines "commerce" as "business activities." *Id.* (quoting N.C. Gen. Stat. § 75–1.1(b)). The Supreme Court has explained that "'[b]usiness activities' ... connotes the manner in which businesses conduct their regular, day-to-day activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *Id.*

In *Bhatti v. Buckland*, 328 N.C. 240, 245–46, 400 S.E.2d 440, 443–44 (1991), the Supreme Court held that N.C. Gen. Stat. § 75–1.1 targets unfair and deceptive interactions between market participants. This means interactions in the business setting (1) between businesses, and (2) between businesses and consumers. *See id.*

Accordingly, the *HAJMM* Court reasoned that "extraordinary event[s]," such as raising capital, and internal operations of a single business, such as removing a "security from the capital structure," are not business activities within the General Assembly's intended meaning and are not 'in or affecting commerce.' *HAJMM*, 328 N.C. at 594, 403 S.E.2d at 493.

The Supreme Court's holding in *HAJMM* was subsequently reaffirmed in *White v. Thompson*, 364 N.C. 47, 691 S.E.2d 676 (2010). Here, the court held that because the Act's protections do not extend to a single market participant (and thus a business's internal operations), deceptive acts between one partner of a business and his other partners fall outside the Act. *See White*, 364 N.C. at 53, 691 S.E.2d at 680.

Applying these principles to the current situation, Plaintiff has pled that the individual Defendants' actions were related to an LLC for which they were legally an agent, and such relationship is internal to a single business. Plaintiff has pled that certain internal business decisions were the basis of the alleged misconduct. Since internal business decisions and internal business operations do not fall under the Act, the Plaintiff has not pled facts that can support this cause of

action. Therefore Defendants' alleged actions were not business activities within the General Assembly's intended meaning of the term and thus are not "in or affecting commerce". Therefore, the Defendants Motions to Dismiss are **GRANTED** as to the Unfair and Deceptive Trade Practices cause of action.

### V. Ninth Cause of Action (Conversion)

Under North Carolina law, conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956) (internal quotation marks omitted); *see also Stratton v. Royal Bank of Canada*, 712 S.E.2d 221, 227 (N.C. Ct. App. 2011).

Here, the Amended Complaint as pled sufficiently establishes that a conversion of Debtor's ownership rights may have occurred. Defendants believe that ownership interests are intangible assets not subject to conversion. However, they cite no controlling law holding equity interests in an LLC to be such property. Several courts have found that ownership interests or stock shares in a company are subject to a conversion claim. *See Pharmaresearch Corp. v. Mash*, 594 S.E.2d 148 (N.C. Ct. App. 2004); *see also Stratton v. Royal Bank of Canada*, 712 S.E.2d 221 (N.C. Ct. App. 2011). Therefore, while the law appears unclear as to the final determination of such issue, the Plaintiff's Conversion claim should be allowed to proceed on the merits, and thus the Defendants' Motions to Dismiss the Conversion claim are **DENIED**.

### IV. CONCLUSION

Based on the conclusions of law set forth above, it is hereby ordered as follows:

1. The Defendants' Motions to Dismiss are **DENIED** as to Plaintiff's Fourth Cause of Action (Civil Conspiracy).

2. The Defendants' Motions to Dismiss are **DENIED** as to Plaintiff's Fifth Cause of Action

(Obstruction of Justice).

3. The Defendants' Motions to Dismiss are **GRANTED** as to Plaintiff's Sixth Cause of Action (Aiding and Abetting Breach of Fiduciary Duty).

4. Defendant IH Services' Motion to Dismiss is **GRANTED** as to Plaintiff's Sixth Cause of Action (Fraud).

5. The individual Defendants' Motions to Dismiss are **DENIED** as to Plaintiff's Sixth Cause of Action (Fraud).

6. The Defendants' Motions to Dismiss are **GRANTED** as to Plaintiff's Seventh Cause of Action (Unfair and Deceptive Trade Practices).

7. The Defendants' Motions to Dismiss are **DENIED** as to Plaintiff's Ninth Cause of Action (Conversion).

8. Plaintiff's Motion for Leave to Amend is **GRANTED** as to the Fraud claim only.

**SO ORDERED.**

**This Order has been signed electronically.**         **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**